MEMORANDUM ***
Daniel R. Lara appeals the district court’s judgment affirming the decision of the Commissioner of the Social Security Administration that he was not disabled within the meaning of the Social Security Act and thus not entitled to disability benefits. We affirm.
I
There was substantial evidence to justify the administrate law judge’s (ALJ) failure to present two moderate limitations found by one reviewing physician to the vocational expert (VE), including the report of another doctor finding no such limitations, inconsistent testimony offered by Lara at the hearing, and the lack of evidence of any significant steps taken to treat his alleged depression. It was not error for the ALJ to rely on one physician’s opinion rather than the other’s. See generally Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir.2008); Osenbrock *326 v. Apfel, 240 F.3d 1157, 1165 (9th Cir.2001).
Likewise, Lara’s argument that the ALJ’s finding of a severe impairment at step two of the disability determination process necessarily requires inclusion of that impairment in the hypothetical question posed to the VE at step five fails. A step-two determination is not dispositive at step five. See Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir.2007). Because substantial evidence supported the ultimate hypothetical question posed to the VE, there was no error in omitting Lara’s depressive condition.
II
There was no conflict between the occupations the VE suggested Lara remains able to perform and the Dictionary of Occupational Titles’ description of the requirements for each type of job. Reasoning Level 1 jobs are elementary, exemplified by such tasks as counting cows coming off a truck, and someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication — in other words, Reasoning Level 2 jobs.
While the job categories the VE suggested Lara remains able to perform arguably included some jobs he is unable to perform, the categories also included Reasoning Level 1 and 2 jobs that he can perform. To the extent the VE was overly broad and included jobs that Lara could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ’s decision. The Reasoning Level 1 and 2 jobs constitute substantial evidence of significant jobs available in the economy, meeting the step-five threshold.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.